## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTHA FOX,<br><br>     Plaintiff,<br><br>v.<br><br>PITTSBURG STATE UNIVERSITY,<br>1701 South Broadway<br>Pittsburg, Kansas 66762<br><br>Serve:<br>Steve Scott<br>President<br>Pittsburg State University<br>1701 South Broadway<br>Pittsburg, Kansas 66762<br><br>     Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW plaintiff Martha Fox, by and through counsel, and for her Complaint against defendant Pittsburg State University, states as follows:

## JURISDICTION AND VENUE

1.  This action arises under Title VII, 42 U.S.C. § 2000e, and the 1972 amendment to that act known as the Equal Employment Opportunity Act, and Title IX, 20 U.S.C. § 1681. Jurisdiction over Plaintiff's claims is based on 28 U.S.C. §§ 1331; 1343(a); 42 U.S.C. § 2000e; and 20 U.S.C. § 1681.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## ADMINISTRATIVE PROCEEDINGS

3.      On or about March 28, 2014, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  A copy of the charge is attached hereto as Exhibit A and is incorporated herein by reference.

4.      On or about September 4, 2014, the Department of Justice mailed to the Plaintiff her Right-to-Sue Notice pursuant to Title VII.  A copy of the said notice is attached hereto as Exhibit B and is incorporated herein by reference.

5.      This action has been filed with this Court within 90 days of the Plaintiff's receipt of her Right-to-Sue notice from the Department of Justice.  Plaintiff has therefore fully complied with all administrative prerequisites before filing this action.

## PARTIES

6.       Plaintiff Martha Fox is a resident of the State of Kansas who worked as a custodian for Pittsburg State University.  Plaintiff is an "employee" and "individual employed by an employer" as defined by 42 U.S.C. § 2000e(f) because she is "subject to the civil service laws of a State government, governmental agency or political subdivision."

7.      Defendant Pittsburg State University is defined as a state educational institution under Kansas law. K.S.A. § 76-711(a).  Defendant is an "employer" and "person" under 42 U.S.C. § 2000e(a)-(b) because it is a governmental agency that is engaged in an industry affecting commerce that has 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## GENERAL ALLEGATIONS

8.      Plaintiff began working for Pittsburg State University in July 2010 as a custodian. In April 2012, Custodian Supervisor Jana Giles began sexually harassing Plaintiff.  At that time,

Giles told Plaintiff she looked good and began rubbing her hair. She asked about Plaintiff's sex life and if she had been with a woman. Giles made sexual innuendoes and asked how Plaintiff performed sexually with her husband.

9.      Plaintiff complained to her supervisor Kevin Malle about Giles' behavior and comments. Malle told Plaintiff to stop working in Giles' building, but did not discipline Giles.

10.      After Plaintiff stopped working in Giles' building, Giles started coming to Plaintiff's building to harass Plaintiff.

11.      During one incident, Plaintiff found Giles sitting in Plaintiff's room alone with the lights off. She told Plaintiff not to turn the lights on.

12.      On another occasion, Giles rubbed Plaintiff's hair for the second time while standing at the time clock.

13.      On numerous occasions, Giles would grab her crotch while looking at Plaintiff. In addition, Giles often would make lewd sexual sounds and say "I've been practicing this for you" to Plaintiff.

14.      After Plaintiff refused Giles' advances, refused to participate in her improper behavior, and told her to stop the harassment, Giles began retaliating against Plaintiff. On at least two occasions, Giles followed Plaintiff home after work.

15.      Plaintiff complained again to Kevin Malle about Giles' behavior. Malle, however, conducted no investigation into Plaintiff's complaints and did not discipline Giles.

16.      During this time, Plaintiff also complained to the Director of the Physical Plant Wanda Endicott about Giles' behavior. Like Malle, Endicott conducted no investigation into any of Plaintiff's complaints and did not discipline Giles. Endicott instructed Plaintiff to stay away from the time clock where Giles would be and to time out later to avoid being harassed and

retaliated against.  Despite having to time out later to avoid Giles, Plaintiff was not paid for the time Plaintiff was required to remain at work.

17.     In September or October of 2013, Giles asked Plaintiff's husband, who also works at Pittsburg State, how good Plaintiff tasted (referring to her private parts).

18.     In the fall of 2013, when Plaintiff's husband was in Kevin Malle's office, Giles shouted at Plaintiff, "I'm going to wipe my ass with you, bitch."  Giles came at Plaintiff in a physically aggressive manner like she was going to hit Plaintiff.  Plaintiff's husband had to get between Giles and Plaintiff to stop her.  Malle told Plaintiff to go to Endicott's office.  Giles followed Plaintiff to Endicott's office, continued screaming at Plaintiff, and threw her sunglasses at Plaintiff.

19.     On February 19, 2014, Plaintiff complained to Cindi Johnson the Director of Human Resources about Giles' ongoing sexual harassment of Plaintiff and retaliation.  Plaintiff gave Johnson the names of people to interview as a part of her investigation.  Johnson told Plaintiff she did not want to start a firestorm and did not interview them.  The same day Johnson talked to Plaintiff, she concluded that Giles had not sexually harassed Plaintiff, but that Plaintiff had acted in a discriminatory manner toward Giles based on her sexual orientation (despite Giles being a supervisor).

20.     On March 7, 2014, Plaintiff was disciplined by Johnson for allegedly acting in a discriminatory manner toward Supervisor Giles and required to undergo discrimination and harassment training.

21.     Supervisor Giles has never been disciplined for her sexual harassment of Plaintiff or her retaliation against Plaintiff.

**COUNT I**
**42 U.S.C. § 2000e-2 – Sex Discrimination/Sexual Harassment**

22.     Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

23.     The actions and conduct of the above-described perpetrators as set forth herein created a sexually hostile, offensive and intimidating work environment and detrimentally affected Plaintiff.

24.     The actions and conduct by the above-described perpetrators as set forth herein were severe and pervasive and based on Plaintiff's sex as a female and constituted discrimination based on sex.

25.     The actions and conduct described herein would have detrimentally affected a reasonable person of the same sex in Plaintiff's position.

26.     Defendant knew or should have known of the sexual harassment described herein. Defendant has failed to address the problems and further failed to implement effective and appropriate measures to stop the sexual harassment.

27.     By failing to conduct a prompt and thorough investigation of Plaintiff's allegations of sexual harassment, by failing to redress the sexual harassment by Giles, by consciously failing to protect Plaintiff from sexual harassment, and by punishing Plaintiff for her complaint of sexual harassment, Defendant exacerbated the sexually hostile work environment suffered by Plaintiff and intentionally discriminated against Plaintiff in violation of Title VII and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

28.     Defendant's actions, and failure to act, amounted to sex discrimination under Title VII and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  The Equal Protection Clause of the Fourteenth Amendment abrogates the states'

Eleventh Amendment sovereign immunity.  Title VII, through the 1972 amendment known as

the Equal Employment Opportunity Act ("EEOA"), provides an enforcement remedy for equal

protection violations of state employees through Section 5 of the Fourteenth Amendment.

29.     As a direct result of Defendant's unlawful acts of sexual harassment, Plaintiff has

suffered damages, including but not limited to lost wages and emotional and mental distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her

Complaint, for a finding that she has been subject to sexual harassment in violation of Title VII-

EEOA;  for an award of compensatory damages; for her costs expended; for reasonable

attorneys' fees; and for such other and further relief the Court deems just and proper.

**COUNT II**
**42 U.S.C. § 2000e-3 – Retaliation**

30.     Plaintiff realleges and incorporates by reference each and every averment of this

Complaint as though fully set forth herein.

31.     Defendant's actions during Plaintiff's employment amounted to retaliation under

Title VII-EEOA.

32.     Plaintiff engaged in protected activity by complaining to Kevin Malle, Wanda

Endicott, and Cindi Johnson about Supervisor Giles sexual harassment of Plaintiff.

33.     Defendant retaliated against Plaintiff by not disciplining Giles, but instead

instructing Plaintiff to stay away from the time clock where Giles would be and to time out later

to avoid being harassed and retaliated against.  Despite having to time out later to avoid Giles,

Plaintiff was not paid for the time Plaintiff was required to remain at work.

34.     Plaintiff suffered further retaliation through Giles' continued harassment when

Giles followed Plaintiff home after work, when Giles made sexual remarks to Plaintiff's

husband, and when Giles shouted at Plaintiff, "I'm going to wipe my ass with you, bitch" and

came at Plaintiff in a physically aggressive manner like she was going to hit Plaintiff, all the while in front of other management of Defendant, who did nothing to discipline Giles for such retaliatory conduct.

35.     Defendant retaliated against Plaintiff by not following its own sexual harassment policy.  Defendant retaliated against Plaintiff by not disciplining harasser Giles, but instead disciplining Plaintiff on March 7, 2014 for allegedly acting in a discriminatory manner toward Supervisor Giles and requiring her to undergo discrimination and harassment training when she was herself the victim of discrimination and sexual harassment.

36.     Defendant has intentionally retaliated against Plaintiff for complaining about sexually inappropriate comments and participating in an investigation of allegations of sexual harassment in violation of Title VII-EEOA.

37.     Plaintiff's complaints and related activities consist of protected activities under Title VII-EEOA and also constitute free speech under the First and Fourteenth Amendments to the United States Constitution.

38.     The First Amendment, which is incorporated against the states through the Fourteenth Amendment, abrogates the states' Eleventh Amendment sovereign immunity.  Title VII-EEOA provides an enforcement remedy under Section 5 of the Fourteenth Amendment for retaliation against protected activity that constitutes free speech under the First and Fourteenth Amendments.

39.     Plaintiff's protected activity under Title VII-EEOA that may not directly implicate unconstitutional activity is also protected because Title VII-EEOA constitutes "appropriate legislation" under Section 5 that is congruent and proportional to the harm of sex discrimination in government employment that is prohibited by the Equal Protection Clause of

the Fourteenth Amendment and that Congress sought to prohibit and prevent when it enacted

Title VII-EEOA.

40.      As a direct result of Defendant's unlawful retaliation, Plaintiff has suffered

damages, including lost wages and emotional and mental distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her

Complaint, for a finding that she has been retaliated against based on her complaints of sexual

harassment and participation in an investigation of sexual harassment in violation of Title VII-

EEOA; for an award of compensatory damages; for her costs expended; for reasonable attorneys'

fees; and for such other and further relief the Court deems just and proper.

## COUNT III
### Title IX, 20 U.S.C. § 1681 - Sex Discrimination/Sexual Harassment

41.      Plaintiff realleges and incorporates by reference each and every averment of this

Complaint as though fully set forth herein.

42.      Defendant does and has received federal financial assistance through Title IX

during all relevant times mentioned herein.  Accordingly, Defendant's entire operations are

subject to the prohibition on sex discrimination under Title IX. 20 U.S.C. § 1687(2)(A).

43.      Plaintiff was harassed and subjected to humiliating and demeaning conduct at the

hands of Supervisor Giles based on Plaintiff's sex.

44.      The harassment was so severe, pervasive, and objectively offensive that it and

Defendant's failure to respond effectively constituted discrimination against Plaintiff on the basis

of her sex.

45.      Defendant's officers with authority to take corrective measures had actual

knowledge of the harassment, actions, and conduct of Giles.

46.     Despite having knowledge of the harassing and demeaning conduct on the basis of Plaintiff's sex, Defendant failed to take corrective measures.

47.     Defendant acted with deliberate indifference to known acts of sexual harassment toward Plaintiff.

48.     Defendant's acts and omissions constituted discrimination and indifference against Plaintiff on the basis of her sex.

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendant on Count III of the Complaint, for an award of compensatory damages, for her costs expended, reasonable attorneys' fees, and for such other relief as this Court deems just and proper.

## COUNT IV
## Title IX, 20 U.S.C. § 1681 – Retaliation

49.     Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

50.     Defendant does and has received federal financial assistance through Title IX during all relevant times mentioned herein. Accordingly, Defendant's entire operations are subject to the prohibition on sex discrimination under Title IX. 20 U.S.C. § 1687(2)(A).

51.     Plaintiff engaged in protected activity by complaining to Kevin Malle, Wanda Endicott, and Cindi Johnson about Supervisor Giles sexual harassment of Plaintiff.

52.     Defendant retaliated against Plaintiff by not disciplining Giles, but instead instructing Plaintiff to stay away from the time clock where Giles would be and to time out later to avoid being harassed and retaliated against.  Despite having to time out later to avoid Giles, Plaintiff was not paid for the time Plaintiff was required to remain at work.

53.     Plaintiff suffered further retaliation through Giles' continued harassment when Giles followed Plaintiff home after work, when Giles made sexual remarks to Plaintiff's

- 9 -

husband, and when Giles shouted at Plaintiff, "I'm going to wipe my ass with you, bitch" and came at Plaintiff in a physically aggressive manner like she was going to hit Plaintiff, all the while in front of other management of Defendant, who did nothing to discipline Giles for such retaliatory conduct.

54.    Defendant retaliated against Plaintiff by not following its own sexual harassment policy.  Defendant retaliated against Plaintiff by not disciplining harasser Giles, but instead disciplining Plaintiff on March 7, 2014, for allegedly acting in a discriminatory manner toward Supervisor Giles and requiring her to undergo discrimination and harassment training when she was herself the victim of discrimination and sexual harassment.

55.    Defendant has intentionally retaliated against Plaintiff for complaining about sexually inappropriate comments and participating in an investigation of allegations of sexual harassment in violation of Title IX.

56.    As a direct result of Defendant's unlawful retaliation, Plaintiff has suffered damages, including lost wages and emotional and mental distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of her Complaint, for a finding that she has been retaliated against based on her complaints of sexual harassment and participation in an investigation of sexual harassment in violation of Title IX; for an award of compensatory damages; for her costs expended; for reasonable attorneys' fees; and for such other and further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

Respectfully submitted,


HOLMAN SCHIAVONE, LLC

By   /s/ *Matt J. O'Laughlin*
       Matt J. O'Laughlin, Ks. 24789
       Amy P. Maloney, Ks. 20415
       4600 Madison, Suite 810
       Kansas City, Missouri   64112
       Telephone: 816.283.8738
       Fax: 816.283.8739
       molaughlin@hslawllc.com
       amaloney@hslawllc.com

       ATTORNEYS FOR PLAINTIFFS