IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTHA FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-2606-JAR-KMH |
| | ) |
| PITTSBURG STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant Pittsburg State University (PSU), through Assistant Attorneys General Whitney L. Casement and M.J. Willoughby, hereby submits the following answer to the complaint filed herein. (Doc. 1, Complaint). Any allegations not specifically admitted herein are denied and Defendant demands strict proof thereof.

## JURISDICTION AND VENUE

1.      Paragraphs 1-2 consist of legal conclusions which need be neither admitted nor denied.  To the extent a response is required, PSU admits only that although the Complaint purports to state federal claims generally cognizable under 28 U.S.C. 1331, PSU denies that the Complaint states a claim under Title VII or Title IX.  PSU admits only that the Complaint cites the general venue provision of 28 U.S.C. 1391(b) and that PSU is located within the State of Kansas and this District.  As an entity of the State of Kansas, PSU expressly reserves and does not waive its entitlement to immunity under the Eleventh Amendment to the U.S. Constitution, as well as sovereign immunity except as otherwise required by law.

## ADMINISTRATIVE PROCEEDINGS

2.      The allegation in paragraph 3 that a "copy of the charge is attached hereto as Exhibit A and is incorporated by reference" is admitted. PSU lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 3; therefore, the remaining allegations are denied.

3.      The allegations in paragraph 4 are admitted.

4.      The allegation in paragraph 5 that "[t]his action has been filed with this Court within 90 days of the Plaintiff's receipt of her Right-to-Sue notice from the Department of Justice" is admitted. PSU does not have sufficient information to admit or deny the remaining allegations in paragraph 5. Therefore, the remaining allegations are denied.

## PARTIES

5.      The allegations in paragraph 6 that "Plaintiff Martha Fox is a resident of the State of Kansas who worked as a custodian for Pittsburg State University" are admitted. The remaining allegations in paragraph 6 are legal conclusions to which no response is required.

6.      The allegations in paragraph 7 are legal conclusions to which no response is required; to the extent a response is required, PSU denies same.

## GENERAL ALLEGATIONS

7.      The allegations in paragraph 8 that "Plaintiff began working for Pittsburg State University in July 2010 as a custodian" are admitted. The remaining allegations in this paragraph are denied.

8.       The allegations in paragraph 9 through 15, inclusive are denied.

9. As to the allegations in paragraph 16, PSU admits only that, for the first time in the fall of 2013, Plaintiff complained to Ms. Endicott that Ms. Giles made a coughing sound while in her vicinity. The remaining allegations in paragraph 16 are denied.

10. The allegations in paragraph 17 through 18, inclusive are denied.

11. The allegations in paragraph 19 are denied in part. PSU admits that Plaintiff met with Cindy Johnson on February 19, 2014 and complained about Ms. Giles. The remaining allegations in paragraph 19 are denied.

12. With regard to the allegations in paragraph 20, PSU admits only that Plaintiff was required to undergo training regarding sexual harassment, discrimination, hostile work environment, retaliation, and bullying because of evidence suggesting that Plaintiff acted in a discriminatory manner toward Ms. Giles. PSU denies that this training constituted discipline.

13. The allegations in paragraph 21 are denied.

## COUNT I

14. PSU re-alleges its responses to paragraph 1-21 as set forth herein and denies the same where applicable in response to paragraph 22 of the Complaint.

15. The statements in paragraphs 23-25 are legal conclusions to which no response is required; to the extent a response is required, PSU denies same.

16. The allegations in paragraph 26 are denied.

17. The factual allegations in paragraph 27 are denied. The legal conclusions contained in paragraph 27 require no response; to the extent a response is required, PSU denies same. .

18. The statements in paragraphs 28 are legal conclusions to which no response is required; to the extent a response is required, PSU denies same.

19. The allegations in paragraph 29 are denied.

## COUNT II

20. PSU re-alleges its responses to paragraph 1-29 as set forth herein and denies the same where applicable in response to paragraph 30 of the Complaint.

21. The statement in paragraph 31 is a legal conclusion to which no response is required.

22. The allegations in paragraphs 32-33 are denied. The legal conclusions contained in these paragraphs require no response.

23. The allegations in paragraph 34 are denied. The legal conclusion contained in paragraph 34 requires no response.

24. The allegations in paragraphs 35-36 are denied. To the extent the statements in paragraphs 35-36 constitute legal conclusions, no response is required.

25. The statements in paragraphs 37-39 are legal conclusions to which no response is required.

26. PSU does not have sufficient information to admit or deny the allegations in paragraph 40 that "Plaintiff suffered damages, including . . . emotional and mental distress." Thus, such allegations are denied. Denied that Plaintiff lost wages. The remaining allegations in paragraph 40 are also denied.

## COUNT III

27. PSU re-alleges its responses to paragraph 1-40 as set forth herein and denies the same where applicable in response to paragraph 41 of the Complaint.

28. The allegations in paragraph 42 that PSU does and has received federal financial assistance through Title IX during all relevant times mentioned in the Complaint is denied. The remaining statement is a legal conclusion to which no response is required.

29. The allegations in paragraph 43 are denied.

30. The statement in paragraph 44 is a legal conclusion to which no response is required.

31. The allegations in paragraphs 45-46 are denied.

32. The statements in paragraph 47-48 are legal conclusions to which no response is required.

### COUNT IV

33. PSU re-alleges its responses to paragraph 1-48 as set forth herein and denies the same where applicable in response to paragraph 49 of the Complaint.

34. The allegations in paragraph 50 that PSU does and has received federal financial assistance through Title IX during all relevant times mentioned in the Complaint is denied. The remaining statement is a legal conclusion to which no response is required.

35. The allegations in paragraphs 51-52 are denied. To the extent the statements in these paragraphs constitute legal conclusions, no response is required.

36. The allegations in paragraph 53 are denied.

37. The allegations in paragraphs 54-55 are denied. To the extent the statements in these paragraphs constitute legal conclusions, no response is required.

38. PSU does not have sufficient information to admit or deny the allegations in paragraph 56 that "Plaintiff suffered damages, including . . . emotional and mental distress."

Thus, such allegations are denied. Denied that Plaintiff lost wages. The remaining allegations in paragraph 56 are also denied.

## DEFENSES/AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. PSU exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by PSU or to avoid harm otherwise pursuant to *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

3. Defendant is entitled to Eleventh Amendment Immunity and Sovereign Immunity against Plaintiff's claims.

4. This action is barred by the applicable statutes of limitations.

5. Plaintiff failed to exhaust all available administrative remedies prior to bringing this action.

6. Plaintiff failed to file a timely charge of discrimination.

7. Plaintiff's claims are barred because the challenged conduct was welcome.

8. The alleged conduct did not affect a term, condition, or privilege of employment.

9. The alleged conduct was not severe or pervasive.

10. Plaintiff failed to allege a retaliatory motive.

11. Plaintiff suffered no materially adverse action required for a retaliation claim.

12. Defendant was not aware of complaints by Plaintiff required for a retaliation claim.

13. Plaintiff failed to allege causation required for a retaliation claim.

14. Defendant did not know and should not have known of the alleged conduct.

15. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

16. Defendant reserves the right to rely on additional defenses and affirmative defenses which may become apparent through the course of discovery or at the time of the pretrial order.

### REQUEST FOR PLACE OF TRIAL

Pursuant to D. Kan. Rule 40.2, Defendant requests that the trial in this matter by held in Wichita, Kansas for the convenience of the parties and witnesses.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

s/Whitney L. Casement
Whitney L. Casement, No. 25466
M.J. Willoughby, No. 14059
Assistant Attorneys General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel:  (785) 296-2215
Fax:  (785) 291-3767
whitney.casement@ag.ks.gov
mj.willoughby@ag.ks.gov

## **CERTIFICATE OF SERVICE**

  This is to certify that on this 12th day of February, 2015, the above and foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system with notice electronically sent to:

Amy P. Maloney      amaloney@hslawllc.com,
*Counsel for Plaintiff*

Matthew J. O'Laughlin    molaughlin@hslawllc.com
*Counsel for Plaintiff*

                s/Whitney Casement
                Whitney Casement