IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTHA FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-2606-JAR-KGG |
| | ) |
| PITTSBURG STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER ON DEFENDANT'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

This case is before the Court on Defendant's motion requesting an Order compelling Plaintiff to produce certain documents and respond to an interrogatory relating to social media. (Doc. 66.) After reviewing the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Defendant's motion as more fully set forth below.

**BACKGROUND**

Plaintiff filed the present action alleging that Defendant, her employer, is liable for the alleged harassment she received from a fellow employee. She also contends that Defendant retaliated against her after she complained of the alleged harassment. Plaintiff's claimed damages include emotional distress (including

stress, anxiety, depression, loss of sleep, and embarrassment).  Defendant served the discovery requests at issue in April 2015, seeking information relating to Plaintiff's social media presence and activity.

## DISCUSSION

**A.     Standards on Motions to Compel**.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way,

"discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Discovery requests must be relevant on their face. *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Although the scope of discovery is broad, it is not unlimited. If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence. *Gheesling v. Chater*, 162 F.R.D. 649 (D. Kan.1995).

**B.     Discovery Requests at Issue**.

Within the general parameters discussed, the Court will address the discovery requests at issue. The offending interrogatory asks whether Plaintiff or her husband maintained any social media presence during the past five years and asked Plaintiff to identify the same, including user names and passwords.

(Interrogatory No. 10.)  Plaintiff objected that the interrogatory seeks irrelevant information, is overly broad in time and scope, and seeks information regarding a non-party (her husband).  Without waiving the objections, Plaintiff provided her Facebook and Instagram identities.  (Doc. 67, at 3.)

The document requests at issue seek social media postings, blogs, or other statements on social media by Plaintiff or her husband "relating to [her] alleged claims and allegations in her Complaint" (Request No. 25) and "relating to [her] claims of mental or emotional damages and causes" thereof (Request No. 26). Plaintiff again objected that these discovery requests seek irrelevant information, are overly broad in time and scope, and seek information regarding a non-party (her husband).  Without waiving the objections, Plaintiff indicated that she had no responsive documents.  (Doc. 67, at 2-3.)  Defendant subsequently "attempted to limit the request[s] so that [they were] not seeking unfettered access to [Plaintiff's] social media accounts . . . by allowing [Plaintiff] to download her own information as opposed to seeking access via a password."  (Doc. 67, at 8, (citation omitted).)

Given the broad scope of relevancy in the discovery process, the Court finds that Plaintiff's activity on social media sites may lead to relevant information regarding Plaintiff's claims.  Defendant has limited the scope of this request to a five year time frame, which the Court finds to be reasonable.  The requests are not

4

overly broad in this regard.

Defendant's requests are, however, overly broad in one instance. It is improper for Defendant to request information regarding Plaintiff's husband's internet presence via a discovery request directed to Plaintiff. Plaintiff's husband is not a party to this lawsuit. Plaintiff does not have possession, custody, or control over information that is specific to her husband only. The Court **sustains** Plaintiff's objection in regard to her husband's information.

### C. Omnibus Terms.

Plaintiff also argues that Defendant's document requests are unduly burdensome because they contain an omnibus term as they seek social media postings "relating to" Plaintiff's allegations and/or damages. (Doc. 68, at 11.)

> . . . Courts in this District have held that a discovery request may be facially overly broad if it uses an 'omnibus term' such as 'relating to,' 'pertaining to,' or 'concerning.' ***Johnson v. Kraft Foods North America***, Inc., 238 F.R.D. 648, 658 (D.Kan.2006) (citing ***Cardenas v. Dorel Juvenile Group, Inc.***, 232 F.R.D. 377, 382 (D.Kan.2005) (internal citations omitted)). 'That rule, however, applies only when the omnibus term is used with respect to a general category or broad range of documents.' *Id.* See also ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 667 (D.Kan.2004); ***Aikens v. Deluxe Fin. Servs., Inc.***, 217 F.R.D. 533, 538 (D.Kan.2003).
>
> Courts want to avoid a situation in which a party upon whom discovery is served needs 'either to guess or move

> through mental gymnastics ... to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' *Id*. 'When, however, the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face.' *Id*.

*Union Pacific R. Co. Y. Grede Foundries, Inc.*, No. 07–1279–MLB–DWB, 2008 WL 4148591, at *4 (D.Kan. Sept. 3, 2008).

The undersigned Magistrate has previously held that when the omnibus term (such as "relates to") modifies Plaintiff's Complaint in its entirety, the term "facially encompasses every aspect of Plaintiff's case and, thus, the broadest possible range of documents." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc*., No. 13-2150-CM-KGG, 2014 WL 2815515, at *6 (D. Kan. June 23, 2014). In such instances, "[t]here is no sufficient modification of the omnibus term." *Id*.

The Court finds that the omnibus term in Defendant's Request No. 25 is not sufficiently modified as it "relates to" the entirety of Plaintiff's "alleged claims and allegations in [Plaintiff's] Complaint." (Doc. 67, at 2.) Thus, the request is overly broad on its face as it "encompasses every aspect of Plaintiff's case . . . ." *Everlast*, 2014 WL 2815515, at *6. Plaintiff's objection is **sustained** as to Request No. 25. No further response shall be required.

The use of the omnibus term in Request No. 26, however, is sufficiently modified as it is limited to documents "relating to [Plaintiff's] claims of mental or emotional damages and causes of such mental or emotional damages . . . ." (Doc. 67, at 2-3.) Plaintiff's objection is **overruled** in regard to Request No. 26. Plaintiff shall supplement her response to Request No. 26 accordingly, without objection, within **thirty (30) days**.

Defendant argues that its requests for documents "relating to" claims (such as mental or emotional damages) constitute requests that Plaintiff provide all documents from her social media posts so Defendant can search them for relevant documents. This is not so. By its plain language, a request that a party produce documents from a category of documents (such as social media) which relate to a claim expressly requires the producing party to determine which documents comply with the request and then produce only those documents.

Plaintiff has previously indicated that she has no responsive documents. (Doc. 67, at 2-3.) The Court "cannot compel [Plaintiff] to produce documents that do not exist or that are not in that party's possession custody, or control." ***Sonnino v. Univ. of Kansas Hosp. Auth.***, 221 F.R.D. 661, 667 (D. Kan. 2004). Given the Court's clarification regarding Request No. 26, Plaintiff is, however, instructed to review her social media accounts for any relevant information and supplement her

response accordingly.  Plaintiff is reminded of the broad scope of discovery relevance.  As such, she is instructed that responsive documents shall encompass any and all social media postings that may indicate sources and/or instances of stress, anxiety, depression, loss of sleep, and/ or embarrassment from 2009 until the present.  To the degree that responsive information exists, Plaintiff is instructed to download such information, print it out, and provide hard copies to Defendant.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 66) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

Dated at Wichita, Kansas, on this 24th day of November, 2015.

                                           S/ KENNETH G. GALE
                                           KENNETH G. GALE
                                           United States Magistrate Judge