## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARTHA FOX,                                )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )        Case No.14-2606-JAR/KGG
                                           )
PITTSBURG STATE UNIVERSITY,                )
                                           )
                    Defendant.             )
_____)

## ORDER ON DEFENDANT'S MOTION TO COMPEL

Now before the Court is Defendant's "Motion to Compel Production of Documents." (Doc. 74.)  For the reasons set forth below, Defendant's motion is **GRANTED in part** and **DENIED in part**.  Also pending is Defendant's "Motion for Extension of Time of Dispositive Motion Deadline." (Doc. 84.)  As a result of the ruling on the discovery motion, the motion to extend is **GRANTED** herein.

## BACKGROUND

Plaintiff brings this case against her former employer, alleging sexual discrimination/harassment and retaliation, pursuant to both 42 U.S.C. §2000e-2, -3 as well as Title IX.  Plaintiff contends that her supervisor, Jana Giles, sexually harassed her during the course of her employment as a janitor.  Plaintiff further contends that not only did employer fail to discipline Giles following Plaintiff's complaint, but that her employer and Giles retaliated against her for reporting the

harassment.  Plaintiff's claimed damages include emotional distress (including stress, anxiety, depression, loss of sleep, and embarrassment).  Defendant generally denies Plaintiff's allegations.

As to the specific discovery requests at issue, Defendant initially sought Plaintiff's telephone bills, including cell phone bills, from 2009 to the present. (Doc. 75-3, at 2.)  Defendant has since revised this request to encompass telephone records from April 2012 to the present "and only those records which listed Jana Giles' telephone numbers."  (Doc. 75, at 3-4.)  Defendant also seeks "all records of prescription medications filled by Plaintiff from April 2009 to the present as available to you through the Kansas Board of Pharmacy."  (*Id.*, at 2.)

## DISCUSSION

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be both nonprivileged and relevant to be discoverable.  Plaintiff initially objected that the requests at issue, *supra*, are not

2

relevant/not reasonably calculated to lead to the discovery of admissible evidence,[1] are unduly burdensome, and are overly broad in time and scope.  (Doc. 75-3, at 2-3.)  In regard to the telephone records, Plaintiff also initially objected that the request "violates [her] right to privacy in her confidential communications."  (*Id*.)

Based on the arguments contained in her response to Defendant's motion, Plaintiff has abandoned these objections and is arguing simply that she does not have possession, custody, or control of the documents at issue.  Plaintiff also contends that Defendant did not fulfill the "duty to confer" requirements of the relevant Federal and District Court rules prior to filing the present motion.  The Court will address each of these arguments.

## A.    **Duty to Confer**.

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a)(1) (emphasis added).  The local rules further state that a court "**will not entertain** any motion to resolve a discovery dispute" unless a reasonable effort has been made to confer regarding the motion's underlying issue(s) prior to the filing of

---

[1]  While not germane to the issues currently remaining, the Court notes that the "not reasonably calculated to lead to the discovery of admissible evidence" standard has been revised pursuant to the December 1, 2015 amendments to Fed.R.Civ.P. 26.

the motion. D.Kan. Rule 37.2 (emphasis added).  The local rule also requires the certification to describe with particularity the steps taken by all counsel to resolve the issue in dispute.  These requirements encourage parties to resolve discovery disputes "without judicial intervention." *Cotracom Commodity Trading Co. v. Seaboard Corporations*, 189 F.R.D. 456, 459 (D.Kan.1999); *see also VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. 98–2138–KHV,1999 WL 386949, at *1 (D.Kan. June 8, 1999).

Plaintiff spends approximately half of her response to Defendant's motion arguing that Defendant failed to confer and failed to meet the certification requirements of the relevant rules.  (Doc. 79, at 2-7.)  She complains that Defendant "has attached no certification document" to the motion, thus making the motion "deficient."  (*Id*., at 2-3.)  Defendant does, however, spend a good portion of the underlying motion summarizing his attempts to confer with Plaintiff.  (*See* Doc. 75, at 2-5.)

Plaintiff also argues that Defendant's telephone conference and correspondence regarding the discovery issues were insufficient and lack the "quality of contact" necessary to meet the duty to confer requirements.  (Doc. 79, at 4-6.)  Plaintiff was particularly concerned that the telephone conference was "unplanned," thus ensuring "that it was the type of conversation that lacked the

quality of contact necessary to constitute a good faith attempt" to confer.  (*Id.*, at

5.)  The Court sympathizes with Plaintiff's concern in this regard.  Typically, a

scheduled or planned telephone conference for which both parties are adequately

prepared will have the potential to be more productive than one that is unexpected

by the recipient of the telephone call.

Even if the Court determined that Defendant did not fulfill its duty to confer,

the Court, in its discretion, may choose to determine a motion to compel on its

merits even when the duty to confer has not been fulfilled under certain

circumstances.  *Cf. **White v. Graceland College Ctr. for Prof. Dev. & Lifelong***

***Learning, Inc.***, No. 07–2319–CM, 2009 WL 722056, at *2 (D.Kan. March 18,

2009) (holding that a court can consider the underlying issues when "the interests

of justice are best served by taking up the motion [to compel] on its merits....").

Given the positions of the parties contained in their briefs, it does not appear to the

Court that further communication would resolve the issues currently pending.

Rather than potentially requiring Defendants to confer with Plaintiff and file an

additional motion, the Court will address these discovery issues on their

substantive merits in the interest of judicial economy.  Plaintiff's objection

regarding the duty to confer is, thus, **overruled**.

**B.      Possession, Custody, and/or Control of Documents.**

Fed.R.Civ.P. 34 document requests are directed at "items in the responding party's possession, custody, or control . . . ."  Plaintiff argues that she does not have access to the telephone records at issue "because her cell phone was not under an account in her name, but in the name of her husband . . . ."  (Doc. 79, at 1.)  As for the pharmaceutical records, Plaintiff contends that she requested the records from the Kansas Board of Pharmacy, but was informed by the Board that "Kansas law prohibit[s] disclosure of those records in civil proceedings."  (*Id*., at 2.)

Defendant correctly points out that Plaintiff failed to raise the possession, custody or control argument in her initial responses to the discovery requests.  As such, Defendant argues that the objection should be waived.  (Doc. 85, at 5-6, 8-9.)  The Court finds no practical benefit to determining that this objection has been waived.  A finding of waiver would not magically place these documents in Plaintiff's possession, custody, or control.  Either Plaintiff has possession, custody, or control of the documents or she does not.  The Court will, therefore, address each category individually.

> **1.      Plaintiff's telephone records.**

The Court finds that Plaintiff has the requisite custody of her telephone records.  While the bill may be in her husband's name, to the extent Plaintiff and her husband are legally married and the bill also reflects her telephone usage,

Plaintiff should be able to request copies of the bill from either the telephone company or from her husband (who can just as easily contact the telephone company on Plaintiff's behalf).

In an Order on another discovery issue in this case, this Court previously held that information regarding Plaintiff's husband's internet presence was not discoverable in the context of a discovery request to Plaintiff because he was not a party to this lawsuit. *Fox. v. Pittsburg State Univ.*, No. 14-2606-JAR-KGG, 2015 WL 7572301, at *2 (D. Kan. Nov. 24, 2015). "Plaintiff does not have possession, custody, or control over information that is specific to her husband only." (*Id*.)  In the present situation, however, the information is not specific to Plaintiff's husband.  To the contrary, the request has been limited to encompass "only those records which listed Jana Giles' telephone numbers." (Doc. 75, at 3-4.)  Plaintiff testified as to communication she received from Ms. Giles. (*Id*., at 5.)  Based on the information presented to the Court, no evidence or testimony has been presented that any such communications were directed towards Plaintiff's husband. As such, the revisions offered by Defendant would allow Plaintiff to redact or not produce any information that is specific to her husband.  This portion of Defendant's motion is **GRANTED**.  Plaintiff shall have until **February 8, 2016**, to provide the requested telephone records.

7

## 2.      Pharmaceutical records.

Plaintiff does not, however, have possession, custody, or control over the

pharmaceutical records from the Kansas Board of Pharmacy.  Plaintiff filled out

the requisite form requesting the information from the KBP.  (Doc. 79-5, at 2.)  In

response to the request, Plaintiff's counsel received correspondence from the KBP

stating that

> K.S.A. 65-1685 provides, in part, that the PMP records
> 'shall be privileged and confidential, shall not be subject
> to subpoena or discovery in civil proceedings and may
> only be used for investigatory or evidentiary purposes
> related to violations of state or federal law and regulatory
> activities of entities charged with administrative
> oversight of those persons engaged in the prescribing or
> dispensing of scheduled substances and drugs of
> concern.'  Your request seems to be prohibited by and
> inconsistent with the provisions of the statute.

(Doc. 79-6, at 2.)

Defendant does not dispute the veracity of the position taken by the KBP.

Rather, Defendant argues that Plaintiff's failure to raise a timely possession,

custody, control objection leaves Defendant "without recourse," thus necessitating

appropriate sanctions.  (Doc. 85, at 8-9.)  Defendant is concerned that the records it

has been able to compile (using medical releases and a list of the pharmacies

used/prescriptions Plaintiff filled between 2009 and 2015) leaves a gap of

approximately a year in which Plaintiff did not fill one of her prescriptions.  (*Id.*, at

8.)

> This gap in the pharmaceutical records could only
> indicate two conclusions:  either Fox actually did not fill
> that prescription for almost a full year or other
> pharmaceutical records exist that would show that she
> was filling that prescription.  PSU requested Fox's
> pharmaceutical records as maintained by the Kansas
> Board of Pharmacy in order to fill in this gap, if a gap
> does indeed exist.  For this reason, these records are
> highly relevant.

(*Id*.)

The Court agrees that the information is relevant given Plaintiff's claimed damages.  Unfortunately, given the position of the KBP based on the mandate of K.S.A. §65-1685, Plaintiff does not even have access to – let alone possession, custody, or control of – the records at issue.  This portion of Defendant's motion is, therefore, **DENIED**.

**C.      Motion to Extend Dispositive Motion Deadline.**

Defendant also moves for an extension of the dispositive motion deadline as a result of the above-discussed discovery issues.  (Doc. 84.)  Defendant contends that the requested telephone records in particular "have an impact on [its] motion for summary judgment . . . ."  (*Id*., at 2.)  Because the Court granted the portion of Defendant's Motion to Compel relating to telephone records, the Court agrees that the requested extension is appropriate.

The dispositive motion deadline is, therefore, extended until **February 22, 2016**.  Because this new deadline will impact the remaining dates and deadlines contained in the Pretrial Order [Doc. 81], a revised Pretrial Order will be issued forthwith.  The revised Order will include, among other dates and deadlines, a new trial date to be determined by the District Court.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 74) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.  Supplemental responses shall be filed on or before **February 8, 2016**. Defendant's "Motion for Extension of Time of Dispositive Motion Deadline" (Doc. 84) is also **GRANTED**.  Dispositive motions shall be filed on or before **February 22, 2016**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 8th day of January, 2016.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge