## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MARTHA FOX,**

     **Plaintiff,**

     **v.**                     **Case No. 14-CV-2606-JAR-KGG**

**PITTSBURG STATE UNIVERSITY,**

     **Defendant.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Pittsburg State University's ("PSU") Motion to Alter or Amend Judgment or for Reconsideration of the Memorandum and Order on Plaintiff's Motion to Exclude Testimony of Defendant's Expert Witness (Doc. 129).  On August 17, 2016, the Court issued a Memorandum and Order (Doc. 127) granting Plaintiff's Motion to Exclude Defendant's expert testimony.  Defendant moves for reconsideration on the issue of whether the expert testimony was properly excluded.  For the reasons stated in detail below, the Court denies Defendant's motion.

## I.      Legal Standards

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, while Federal Rules of Civil Procedure 59 and 60 govern motions to reconsider dispositive orders.[1]  Here, the Court's Order excluding expert testimony is non-dispositive, as it was not a decision on the merits that resolved Plaintiff's claims in the case.[2]  Therefore, the Court considers Defendant's

---

[1] D. Kan. Rule 7.3; *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010).

[2] *See A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517,  2011 WL 1466490, at *4 (D. Kan. Apr. 8, 2011) (analyzing a motion for reconsideration of exclusion of expert testimony as non-dispositive under Rule 7.3(b)); *Sawyer v. Southwest Airlines Co.*, No. 01-2385, 2003 WL 174147, at *4 (D. Kan. Mar. 31, 2003) (considering motion for reconsideration of exclusion of expert testimony under Rule 7.3(b)).

motion to reconsider under D. Kan. Rule 7.3(b).  Under D. Kan. Rule 7.3(b), grounds warranting

a motion to reconsider include: (1) an intervening change in controlling law; (2) the availability

of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[3]  A motion to

reconsider allows the Court to "correct manifest errors of law or fact and to review newly

discovered evidence."[4]  A motion to reconsider is available when the court has "misapprehended

the facts, a party's position, or the controlling law."[5]  Such a motion does not permit a party to

"revisit issues already addressed or to advance arguments that could have been raised in prior

briefing."[6]  A party's failure to present its strongest case in the first instance does not entitle it to

a second chance in the form of a motion to reconsider.[7]  Whether to grant a motion to reconsider

is left to the Court's discretion.[8]

## II.    Discussion

Defendant moves for reconsideration of the Court's Order excluding Defendant's expert

witness, Dr. Thomas Anderson.  Plaintiff alleges she suffered emotional and mental distress as a

result of the sexual harassment she faced while employed by PSU.  Defendant requests that Dr.

Anderson be allowed to testify generally as to the adverse effects of medication taken by

Plaintiff and increased risks associated with polypharmacy.  Defendant does not otherwise move

for reconsideration of the Court's Order excluding Dr. Anderson's testimony on whether

---

[3] D. Kan. Rule 7.3(b).

[4] *Azzun v. Kan. Dep't Health & Env't*, No. 10-2009, 2010 WL 148801, at *1 (D. Kan. Jan. 14, 2010).

[5] *Coffeyville*, 748 F. Supp. 2d at 1264; *see, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b)).

[6] *Coffeyville*, 748 F. Supp. 2d at 1264; *see also Servants of Paraclete*, 204 F.3d at 1012.

[7] *A.H. ex rel. Hohe.*, No. 09-2517,  2011 WL 1466490, at *4  (citing *Sithon Maritime Co. v. Holiday Mansion,* 177 F.R.D. 504, 505 (D. Kan.1998) (citations omitted)); *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[8] *Brumark Corp v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

Plaintiff's emotional and mental distress could have been caused by her medication.  Defendant does not suggest the basis under Rule 7.3(b) for reconsideration, but the Court construes the motion as alleging the need to correct error or prevent manifest injustice.  The Court finds that Defendant's motion is without merit under this ground.

In its previous ruling, the Court considered whether Dr. Anderson's testimony was being offered to show that Plaintiff's emotional distress could be linked to medications she was taking at the time of the alleged harassment. Defendant sought to elicit general testimony on the adverse side effects from the same medication.[9]  The Court found that Dr. Anderson's testimony must be excluded for two reasons.  First, the generalized testimony offered on side effects from the same medication would not assist the trier of fact.[10]  Second, Dr. Anderson's generalized testimony on side effects of the medication was offered for an improper purpose – to inappropriately tie general expert testimony to Plaintiff's situation.[11]

Defendant argues that the Court improperly excluded Dr. Anderson's generalized expert testimony under Federal Rule of Evidence 702[12] because such testimony would assist the trier of fact.  First, Defendant argues that the generalized testimony would assist because the average person does not have knowledge of the adverse effect of prescriptions.[13]  Second, Dr. Anderson need not opine on the ultimate issue for his testimony to assist the trier of fact.[14]  Third, the

---

[9] Doc. 127 at 1–2.

[10] *Id.* at 4–5.

[11] *Id.* at 5.

[12] A witness qualified as an expert may provide generalized testimony if:
1. The expert be qualified;
2. The testimony address a subject matter on which the factfinder can be assisted by an expert;
3. The testimony be reliable; and
4. The testimony "fit" the facts of the case.
Fed. R. Evid. 702 advisory committee's note (2000).

[13] Doc. 130 at 4–5.

[14] *Id.* at 4.

generalized testimony on the adverse effects of the medication will allow the jury to come to its own determination about "the cause or causes of her claimed emotional damages."[15]

There was no clear error or manifest injustice in the exclusion of Defendant's expert witness because Dr. Anderson's generalized testimony does not meet the requirement that the testimony assist the jury under Federal Rule of Evidence 702.  Expert testimony about general information is admissible only if it would assist the trier of fact.[16]  Generalized testimony will assist the factfinder where it is not within common knowledge or experience of jurors.[17]  The Advisory Committee's note to Rule 702 suggests that "it might also be important in some cases for an expert to educate the factfinder about general principles, without ever attempting to apply these principles to the specific facts of the case."[18]

The Court has already concluded it does not find that this "generalized" testimony will assist the trier of fact.[19]  As this Court previously explained, expert testimony about side effects of prescription medication is not necessary or helpful to the jury to understand Defendant's argument that Plaintiff's emotional distress may have been caused by something besides sexual harassment.[20]  Further, Defendant is using such generalized testimony on the side effects of Plaintiff's medication to implicitly apply these principles to the specifics of the case, which is not the purpose of Rule 702 generalized testimony.  Defendant admits that this generalized testimony is to be used to show the jury "the cause or causes of [Plaintiff's] claimed emotional damages,

---

[15] *Id.* at 5.

[16] *United States v. Hopson*, No. 12-CR-00444-LTB, 2014 WL 4375726, at *3 (D. Colo. Sept. 4, 2014) (citing Fed. R. Evid. 702 advisory committee's note (2000)).

[17] *Procter & Gamble Co. v. Haugen*, No. 1:95-CV-94 TS, 2007 WL 750435, at *1 (D. Utah Mar. 7, 2007).

[18] Fed. R. Evid. 702 advisory committee's note (2000) (providing that generalized testimony may be instructive to the factfinder on "the principles . . . without ever knowing about or trying to tie their testimony into the facts of the case.").

[19] Doc. 127 at 4 (citing *Hopson*, No. 12-CR-0444-LTB, 2014 WL 4375726, at *3).

[20] *Id.* at 5.

including whether or not any alleged sexual harassment played a significant role in causing [Plaintiff's ] alleged emotional damages."[21]  Dr. Anderson's testimony is derived from general data about side effects in the population at large and offered to suggest potential causes of Plaintiff's symptoms.  This testimony is simply an indirect way to suggest causation, which the Court has already found improper.  Thus, the Court finds this testimony inadmissible under Rule 702.

Even if the Court were to be persuaded that the testimony would assist the jury for purposes of Rule 702, there was no clear error because the proposed expert testimony would still be inadmissible under Federal Rule of Evidence Rule 403.  The admission of expert testimony must be considered in light of the other rules of evidence.  In particular, Rule 403 provides that the court ensure the probative value of evidence not be substantially outweighed by the danger of "unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[22]

Generalized testimony in this case on side effects of medication taken by Plaintiff will both unfairly prejudice the jury and confuse the issues.  Testimony merely educating the jury about the side effects of certain drugs may lead to suspicion of the underlying causes for taking such medication, which is both prejudicial and confusing to the jury.  Such testimony also has the potential to undercut the reliability of the Plaintiff on the cause of her emotional damages.  Although Dr. Anderson will not testify explicitly to the element of causation, he is implicitly testifying to causation all the same.  This Court has already determined this is not an appropriate

---

[21] Doc. 130 at 5.

[22] Fed. R. Evid. 403.

use of such generalized testimony.[23]  Therefore, the Court finds this generalized testimony is also inadmissible under Rule 403.

Because the Court finds that the generalized testimony is inadmissible under Rule 702 and Rule 403, there has been no clear error or manifest injustice warranting reconsideration. Therefore, the Court denies Defendant's motion for reconsideration.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reconsideration (Doc. 129) is **denied**.

**IT IS SO ORDERED.**

Dated: September 15, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[23] Doc. 127 at 5 ("Defendant's purpose for seeking to admit Dr. Anderson's testimony is precisely to tie the general principles about various medications and their side effects to Plaintiff's situation.").