# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARTHA FOX,

    Plaintiff,

v.

PITTSBURG STATE UNIVERSITY,

    Defendant.

Case No. 14-CV-2606-JAR

## MEMORANDUM AND ORDER

On October 18, 2016, judgment was entered against Defendant Pittsburg State University following a jury trial and verdict in the amount of $230,000.[1] This matter is before the Court on Defendant's Motion for Stay of Execution Pending Resolution of Post-Trial Motions and Appeals and For Waiver of Supersedeas Bond (Doc. 205). Plaintiff does not oppose Defendant's request under Fed. R. Civ. P. 62(b) for a stay of execution of the judgment until resolution of the post-trial motions in this matter if supersedeas bond is posted. The parties also addressed the issue of stay of execution of the judgment until resolution of an appeal under Fed. R. Civ. P. 62(d), but the Court will not address this as it is not ripe for consideration. Thus, the issue of whether Defendant should post a supersedeas bond during consideration of the post-trial motions is the only matter remaining for this Court to decide. The motion is fully briefed, and the Court is prepared to rule. For the reasoning explained more fully below, the Court grants the stay of execution of the judgment and the request to deny posting a supersedeas bond until resolution of the post-trial motions. The Court denies without prejudice the motion for stay of execution of the judgment on appeal, and Defendant may re-file the motion when and if an appeal is taken.

---

[1] Doc. 197.

**I.     Legal Standard**

Stay of execution during resolution of post-trial motions is governed by Federal Rule of Civil Procedure 62(b), which provides in relevant part that:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment . . . pending disposition of any of the following motions . . . (3) under Rule 59 for a new trial or to alter or amend a judgment; or (4) under Rule 60, for relief from a judgment or order.

Under Rule 62(b), the conditional "may" applies to the Court's discretion of issuing the stay, not to the requirement of security.[2] While the Court must consider "appropriate terms" for Plaintiff's security in granting the stay, this Court has found that the appropriate terms need not include a supersedeas bond.[3] If the Court determines a bond is required, D. Kan. Rule 62.2 provides that "[a] supersedeas bond staying execution of a money judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay." Here, if supersedeas bond was warranted, the amount would be $287,500.

A supersedeas bond secures the creditor from loss resulting from the stay of execution.[4] It is used to protect the prevailing party from the risk of a later uncollectible judgment and compensates him for the delay.[5] The district court has discretion to stay the proceedings without a full supersedeas bond "when the judgment creditor's interest would not be unduly endangered."[6] The burden is on the debtor to objectively demonstrate good cause for not

---

[2] *Boardwalk Apartments, L.C. v. State Auto Prop. & Cas. Ins. Co.*, No. 11-2714, 2015 WL 265040, at *1 (D. Kan. Jan. 21, 2015) (construing a motion for attorneys' fees under Fed. R. Civ. P. 54(b) as a post-trial motion subject to the stay of execution rule under Fed. R. Civ. P. 62(b)).

[3] *Id.* (noting that alternatively, under Fed. R. Civ. P. 62(d), stay on appeal is by supersedeas bond).

[4] *Brinkman v. Dep't of Corrs. of Kan.*, 815 F. Supp. 407, 408 (D. Kan. 1993).

[5] *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559 (10th Cir. 1996) (citing *Grubb v. FDIC*, 833 F.2d 222, 226 (10th Cir. 1987); *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)).

[6] *Wilmer v. Bd. of Cty. Comm'rs of Leavenworth, Kan.*, 844 F. Supp. 1414, 1419 (D. Kan. 1993)

requiring supersedeas bond.[7] In considering supersedeas bond during pending post-trial motions and on appeal, this Court has previously considered the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the court has in the availability of funds to pay the judgment; (4) whether defendants' ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether defendants are in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.[8]

**II.   Discussion**

Plaintiff does not oppose a stay of execution during the pendency of post-trial motions, so the Court will grant the stay of execution of the judgment during post-trial motions as unopposed.[9] Therefore, the only remaining issue is whether supersedeas bond, or other appropriate terms, are necessary to protect Plaintiff's interests. Defendant argues that the $287,500 supersedeas bond is unnecessary because it is an entity of the state of Kansas with sufficient funds to cover the judgment upon conclusion of the post-trial motions or appeal. Defendant submitted the affidavit of Jeffrey A. Chanay, the chief deputy of the Kansas Attorney General's office, laying out the administration of the Kansas Tort Claims Fund ("KTCF"), which is the fund from which this judgment would be satisfied.[10]

The KTCF is established by Kansas statute for judgments against the state of Kansas.[11] It provides in pertinent part:

---

[7] *Boardwalk Apartments, L.C.*, 2015 WL 265040, at *2 (citing *Meyer v. Christie*, No. 07–2230–CM, 2009 WL 3294001, at *1 (D. Kan. Oct. 13, 2009)).

[8] *Id.* (citing *Meyer*, 2009 WL 3294001, at *2; *see also Dillon v. City of Chi.*, 866 F.2d 902, 904–05 (7th Cir. 1988)).

[9] Doc. 213 at 1.

[10] Doc. 206-1.

[11] K.S.A. § 75-6117.

> (a) There is hereby established in the state treasury the tort claims fund which shall be administered by the attorney general. All expenditures from such fund shall be made upon warrants of the director of accounts and reports pursuant to vouchers approved by the attorney general or by a designee of the attorney general.
>
> (b) Moneys in the tort claims fund shall be used only for the purpose of paying (1) compromises, settlements and final judgments arising from claims against the state or an employee of the state under the Kansas tort claims act or under the civil rights laws of the United States or of the state of Kansas and (2) costs of defending the state or an employee of the state in any actions or proceedings on those claims. . . . Payment of a final judgment shall be made from the fund if there has been a determination of any appeal taken from the judgment or, if no appeal is taken, if the time for appeal has expired.
>
> (c) Upon certification by the attorney general to the director of accounts and reports that the unencumbered balance in the tort claims fund is insufficient to pay an amount for which the fund is liable, the director of accounts and reports shall transfer an amount equal to the insufficiency from the state general fund to the tort claims fund.[12]

In Mr. Chanay's affidavit, he stated that the KTCF has sufficient money to pay any judgment and award of attorneys' fees. He also stated that any final judgment can be made within thirty days after the conclusion of the appellate process, if the judgment is affirmed upon appeal.

Plaintiff counters that this Court should require supersedeas bond because Defendant failed to provide the specific amount of money currently in the fund to pay for the judgment. Plaintiff further provides that the state of Kansas has a nearly $60 million deficit. Given the lack of details about the fund's exact amount and Kansas's known deficiency, Plaintiff argues that it is speculative whether Defendant will be able to pay the judgment should the Court not require a supersedeas bond.

The Court is persuaded that the factors for considering whether Defendant should be required to post supersedeas bond weigh heavily toward not requiring it. The collections process is simplistic as payments are taken from the KTCF upon determination of appeal or after the time

---

[12] *Id.*

for appeal has expired. If the KTCF does not have money to satisfy the judgment, the attorney general certifies that the funds are insufficient to the director of accounts and reports and this person transfers an amount equal to the insufficiency from the Kansas General Fund. Mr. Chanay stated that final judgment would be satisfied within thirty days, which is a short amount of time. The Court is confident Defendant will be able to satisfy the judgment from the KTCF as Mr. Chanay has sworn that there are sufficient funds.[13] Even if the Court were to give credence to Plaintiff's argument that the state of Kansas will have insufficient funds due to the budget deficit, there is constantly revenue coming into the state of Kansas from which this judgment could be satisfied, as transfer from the Kansas general fund to the KTCF is mandatory.[14] Once money enters the KTCF, it may not be taken out other than to satisfy judgments or costs of defense. The state of Kansas can pay the judgment from the KTCF given the affidavit submitted, and there is no evidence submitted that the state of Kansas is in such a precarious position that this would risk debts owed to other creditors.

The Court finds its position consistent with other case law in this district relating to waiver of bond for government entities as judgment debtors. Although these cases generally address supersedeas bond requirements on appeal pursuant to Rule 62(d), the Court finds them applicable to the issue of supersedeas bond during consideration of post-trial motions under Rule

---

[13] The Court rejects Plaintiff's argument that Defendant needs to submit the exact amount of money in the fund to satisfy the Court that the funds are sufficient. It is enough that Mr. Chanay give sworn testimony that the funds are sufficient given his knowledge of the judgment in this case and the amount in the set aside fund. It would be an incredible burden to Defendant if the Court were to require the exact dollar amount in the fund to give the Court confidence that the state of Kansas can pay. This would require constant amendment of the figure as it is undoubtedly subject to change over time.

[14] K.S.A. § 75-6117(c) ("Upon certification by the attorney general to the director of accounts and reports that the unencumbered balance in the tort claims fund is insufficient to pay an amount for which the fund is liable, the director of accounts and reports *shall* transfer an amount equal to the insufficiency from the state general fund to the tort claims fund.") (emphasis added).

62(b). In *Lamon v. City of Shawnee, Kansas*,[15] the Court denied the defendant's request for waiver of supersedeas bond. The defendant city did not have funds set aside to pay the judgment debt, and it intended to pay from the general fund for the city.[16] While it argued that it could collect taxes or issue bonds to satisfy the judgment, the Court was not assured that the defendant city could pay.[17] Because the defendant failed to carry its burden to objectively demonstrate why the court should depart from the general rule requiring bond, the court denied the motion to stay pending appeal until supersedeas bond was posted.[18]

By contrast, in *Dutton v. Johnson County Board of County Commissioners*,[19] the Court granted waiver of supersedeas bond. The Court took judicial notice that Johnson County is one of the most affluent counties in Kansas and had the wherewithal to pay.[20] The collection process was simple because Johnson County maintained a fund called the Risk Management Reserve Fund that could cover the judgment.[21] The existence of the fund and the effective procedure for paying the judgment warranted a waiver of bond.[22]

This case is distinguishable from *Lamont* and similar to *Dutton* because Defendant has provided that funds are set aside to satisfy judgments in the KTCF. This judgment would not be taken from the general fund. The general fund will only be used if the funds in the KTCF are insufficient when the time comes for judgment to be executed. It is mandatory to transfer funds from the general fund in the case of insufficiency. Mr. Chanay has sworn that there are funds

---

[15] 758 F. Supp. 654, 656 (D. Kan. 1991).

[16] *Id.* at 656.

[17] *Id.* at 657.

[18] *Id.*

[19] 884 F. Supp. 431 (D. Kan. 1995).

[20] *Id.* at 435.

[21] *Id.*

[22] *Id.*

sufficient to cover this judgment following the post-trial motions and subsequent appeal if one is taken. As is consistent with the holding in a number of cases involving supersedeas bond waiver for government entities, the Court is satisfied that the existence of the KTCF pursuant to K.S.A. § 75-6117 and the procedure for satisfying this judgment warrants not requiring supersedeas bond.[23]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Stay of Execution Pending Resolution of Post-Trial Motions and Appeals and For Waiver of Supersedeas Bond (Doc. 205) is **granted in part and denied in part**. Stay of execution of the judgment is granted until resolution of the post-trial motions. No supersedeas bond is required during resolution of the post-trial motions. Stay of execution of the judgment on appeal is denied without prejudice. Defendant may re-file this motion when and if an appeal is taken.

**IT IS SO ORDERED.**

Dated: April 20, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[23] *See also Dillon v. City of Chi.*, 866 F.2d 902, 905 (7th Cir.1988) (waiving bond requirement because city had existing fund guaranteeing appellee's judgment and procedure to process payment in less than thirty days); *Lightfoot v. Walker*, 797 F.2d 505, 506–07 (7th Cir.1986) (requiring bond because state had no established fund and payment required legislative action); *Wilmer v. Bd. of Cty. Comm'rs of Leavenworth, Kan.*, 844 F. Supp. 1414 (D. Kan. 1993) (requiring bond because defendant did not contend that it had the funds available or would be able to raise the funds in a timely manner after the appeal is decided); *Brinkman v. Dep't of Corrs of Kan..*, 815 F. Supp. 407, 409–10 (D. Kan. 1993) (requiring bond because although established state fund existed, procedure did not apply to paying type of judgment awarded).